IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:13-CR-218-CAP-LTW |
| v. | |
| LEWIS MOBELY, | |
| Defendant. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendant Lewis Mobely's Motion to Suppress Evidence Resulting from Unlawful Search Warrants and Supplement to Motion to Suppress Evidence Resulting from Unlawful Search Warrant. Docket Entries [18, 59]. Therein, Defendant Mobely contends that the Affidavit submitted in support of the warrant for the search of a home where the Government claimed Mobely resided did not supply sufficient probable cause for the search of the home. Having considered Defendant's motions and supporting documents submitted, and for the reasons set forth below, this Court **RECOMMENDS** that Defendant's Motions to Suppress Evidence Resulting from Unlawful Search Warrants be **DENIED.** Docket Entries [18, 59].

Also before the Court is Defendant's Motion to Strike certain portions of the

Government's Opposition to Defendant's Motion to Suppress on the grounds that the Government relied upon mere unsupported allegations in support of its good faith defense. Docket Entry [91]. This Court has not relied on the allegations by the Government challenged in Defendant's Motion to Strike. Accordingly, Defendant's Motion to Strike should be **DEEMED MOOT.** Docket Entry [91].

### DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE RESULTING FROM UNLAWFUL SEARCH WARRANT

In Defendant's Motion to Suppress Evidence Resulting from Unlawful Search Warrants, Defendant contends that the Court should suppress all evidence yielded from the search of 2771 White Oak Drive because there was no probable cause to supp0li the search. Docket Entries [18, 59]. In support, Defendant contends that because the victim's identification of him served as part of the factual basis for the search warrant and because the identification should be suppressed, the identification information must be excised from the warrant application and affidavit and cannot serve as a factual basis supporting probable cause for the search warrant. (Docket Entry 18, p. 2). Defendant also argues that once the identification information is excised, the remaining allegations within the Affidavit do not provide probable cause. As both this Court and the District Court have already concluded, however, the identifications should not be suppressed.

2

Thus, Defendant's argument that discussion of the identification of the shooter from the warrant application and affidavit should be excised fails and does not provide a basis for the Court to suppress items seized while executing the search warrant.

Defendant further contends that there was no probable cause supporting the search warrant because Defendant failed to establish a nexus between Defendant's alleged criminal activity and the residence located at 2771 White Oak Drive, and failed to assert any facts that show a connection between Defendant and 2771 White Oak Drive. Because there were no facts within the record tending to show that Defendant had standing to contest the search of 2771 White Oak Drive, this Court ordered Defendant to file a brief establishing his standing to contest the search of 2771 White Oak Drive. Defendant filed a brief on January 27, 2015, indicating that he had a key to the residence on the day that it was searched, that he is the father of the children who reside at the residence, that on the day of the search, U.S. Marshal law enforcement officers witnessed him leaving the residence with his daughter in a vehicle belonging to her mother, that he had previously been in the residence alone with his daughter, that he stored personal effects in the residence, that photographs of his family which included him were located around the walls of the living room, and he was dating his children's mother and they considered themselves to be a couple. The Government now

3

concedes that Defendant has established standing. The Government further argues the Affidavit submitted in connection with the warrant provided probable cause even though it did not provide specific factual detail supporting the notion that 2771 White Oak Drive was Defendant's address beyond the statement that "through further investigation we were able to determine that Lewis Mobley [sic] place of residence of 2771 White Oak Drive." (Doc. 80, p. 4). Additionally, the Government argues that even if the Affidavit is insufficient on this point, the evidence obtained from the warrant should not be suppressed under the good faith exception to the exclusionary rule.

This Court concludes that the evidence from the search of the residence should not be suppressed. Affidavits supporting search warrants are presumptively valid. United States v. Pendleton, 447 F. App'x 978, 981 (1 lth Cir. 2011). In attempting to ensure that search warrant affidavits comply with the Fourth Amendment's prohibition against unreasonable searches and seizures resulting from warrants issued without probable cause, the issuing magistrate "is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Miller, 24 F.3d 1357, 1361 ( 1994). "[P]robable cause deals 'with probabilities.  These are not technical; they are

4

the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."' Gates, 462 U.S. at 241; Miller, 24 F.3d at l 361. "Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations." Gates, 462 U.S. at 241; Miller, 24 F.3d at 1361.

Specifically, the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity. United States v. Danner, 344 F. App'x 495, 497-98 (11th Cir. 2009) (citing

United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002)). The nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation and evidence. United States v. Tate, 586 F.3d 936, 943 (11th Cir. 2009). There is no prerequisite that illegal activity took place at the residence. United States v. Piloto, 562 F. App'x 907, 913 (lIth Cir. 2014). Probable cause to search a home exists if the affidavit contains evidence that the defendant possesses contraband that would typically be kept in the home. Tate, 586 F.3d at 943; United States v. Anton, 546 F.3d 1355, 1358 (11th Cir.

2008); United States v. Jenkins, 901 F.2d 1075, 1080-81 (11th Cir. 1990) (holding that evidence that defendant has stolen material which one normally expect him to hide at his residence will support a search of his residence).

Even if, however, reasonable minds could differ on the question of whether the Affidavit provided probable cause for the search warrant in this case, it is clear that the good faith exception applies under the circumstances. In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court crafted an exception to the exclusionary rule. Id. Under this exception, evidence discovered by an officer acting in objective good faith on a search warrant issued by a detached and neutral magistrate should not be suppressed even if the warrant is later found to have violated the Fourth Amendment by not being grounded on a sufficient showing of probable cause. Leon, 468 U.S. at 926. The purpose of the exclusionary rule is to deter unlawful police misconduct; therefore, when officers engage in objectively reasonable law enforcement activity and have acted in good faith when obtaining a search warrant from a judge or magistrate, the good faith exception applies. Martin, 297 F.3d at 1313. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." United States v. Taxacher, 902 F.2d 867, 871 (11th Cir. 1990), citing Leon, 468 U.S. at 922. Thus,

6

the Government is not required to present extrinsic evidence of the law enforcement officers' good faith, and that the exception may be applied based on the facts stated within the affidavit.  United States v. Lara, 588 F. App'x 935, 938-39 (11th Cir. 2014), citing United States v. Robinson, 336 F.3d 1293, 1297 (11th Cir. 2003) (explaining that the government is not required to present evidence beyond the four corners of the affidavit).  In making this determination of whether the good faith exception should be applied, all of the circumstances "may be considered."  Taxacher, 902 F.2d at 871.  The good faith exception will not apply (1) "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) "where the issuing magistrate wholly abandoned his judicial role," (3) where the "warrant [is] based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,' " and (4) where "a warrant [is] so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." Leon, 468 U.S. at 923; Taxacher, 902 F.2d at 871.

In this case, there are no allegations that the affidavit included information known to be false, that the issuing magistrate abandoned his judicial role, or that the warrant was facially deficient.  In addition, the warrant was not so lacking in indicia of probable

7

cause as to render official belief in its existence as unreasonable. Although few guidelines for application of the "so lacking in indicia" situation are available, the proper focus of such an inquiry is on the objective belief of the officer; it is irrelevant that "thoughtful and competent jurists" may readily have recognized the insufficiency of the evidence. Taxacher, 902 F.2d at 871; United States v. Wright, 811 F. Supp. 1576, 1583-84 (S.D. Ga. 1993). The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered." Leon, 468 U.S. at 871; Taxacher, 902 F.2d 867; Wright, 811 F. Supp. at 1583-84. Unquestionably, officers are not legal technicians, so they are not expected to understand the intricacies of Fourth Amendment jurisprudence. Wright, 811 F. Supp. at 1583-84.  On the other hand, today's officers are professionals who certainly are expected to recognize the insufficiency of a "bare bones" affidavit that offers only an officer's unsupported and unexplained opinions. Wright, 811 F. Supp. at 1583-84.

The Affidavit supporting the search warrant in this case was not a bare-boned statement of conclusory allegations characteristic of the affidavits found so lacking in indicia of probable cause that they fall outside the good faith exception.  See United

8

States v. Glinton, 154 F.3d 1245, 1257 (1lth Cir. 1998). It is true the Affidavit did not

include details supporting the notion that Defendant's residence was 2771 White Oak

Drive other than the fact that the officers' investigation revealed that it was his

residence. [1] Nevertheless, this Court cannot conclude that the Affidavit lacked indicia

of probable cause. First, the Affidavit included considerable details in support of the

notion that Defendant had committed a crime. Law enforcement officers had a video

of an individual shooting a victim in a convenience store. (Doc. 59-1, p. 4). The victim

subsequently positively identified Defendant as the person who shot him. (Id.). During

the investigation, law enforcement officers determined that the Defendant may be in a

gang called "Gangster Disciples." (Id.). Based on the video, the law enforcement

officers observed that the shooter had several gang identifying features, such as wearing

a black and grey jacket with "GD" in a six point star, the shooter had a six point star

under his right eye, and several "GD" tattoos. (Id.). Likewise, the Affidavit indicated

---

[1] While not relied upon to support the above analysis, Defendant now admits
that he had a considerable connection with the residence and based on such facts, one
could reasonably infer that Defendant resided there at least some of the time.
Defendant states that he had a key to the residence, he is the father of the children who
reside at the residence, that he was in a committed relationship with the children's
mother, that on the day of the search he was in the residence alone until he left the
residence with his daughter in her mother's vehicle, his personal effects were stored
in the home and photographs of him and his family members were displayed in the
home, and he received mail at the address. (Doc. 75, pp. 1-2).

9

that Defendant identifies himself as a Gangster Disciple on his Facebook page, and is depicted there as flashing hand signals to represent the Gangster Disciple gang.  (Id.). Furthermore, there is sufficient factual content within the Affidavit connecting the residence to evidence of a crime.  The Warrant permits law enforcement officers to search for firearms and gang paraphernalia that can be associated with gang activity, such as clothing and bandanas, etc.  Clothing and firearms could be expected to be stored in one's residence and the Affidavit indicates, albeit without supporting factual detail, that the residence to be searched was Mobely's home.   Cf. Piloto, 562 F. App'x at 913 (explaining that the warrant affidavit established a nexus between  defendant and the residence because it explicitly stated that the defendant lived in the residence and the nature of the crime, possession of a firearm by a felon, demonstrated a fair probability that evidence of the crime would be found in the residence because felons unlawfully in possession of a firearm typically keep the firearm at home).  Furthermore, reasonable law enforcement officers could have thought the statement within the Affidavit that Defendant resided at 2771 White Oak Drive, even without further support was sufficient, as reasonable minds can disagree on this point.  See, e.g., United States v. Jiminez, 224 F.3d 1243, 1248-49 (11th Cir. 2000) (explaining that affidavit which indicated that based upon intercepted telephone calls, defendant was a drug dealer and

10

has drugs in his house was not insufficient even though it would have been preferable to include more detail about the telephone calls that led the officers to that conclusion); United States v. Gentles, No. 1:12CR120 SNLJ, 2014 WL 1048553, at *7-8 (E.D. Mo. Feb. 28, 2014) (finding that even though affidavit did not provide support for the conclusion that residence to be searched was defendant's residence, it did provide probable cause for the search when it provided information supporting the notion that defendant was engaged in sexual conversations with an individual believed to be a twelve-year-old over the internet and that evidence could be expected to be found in the residence since computers are generally kept in one's home). Thus, this Court cannot conclude that a well-trained law enforcement officer would know that the Affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. United States v. Vanbrackle, 397 F. App'x 557, 559-60 (11th Cir. 2010) (concluding that affidavit supporting warrant for the search of defendant's residence for pornography did not lack indicia of probable cause where it stated that screen names registered to defendant at 253A Little River Lane were implicated in other cases involving transmission of child pornography over the internet, defendant "continued to reside at 253A Little River Lane," defendant was believed to be a collector of child pornography based on his activities of sending and receiving child pornography, and

11

collectors of child pornography tended to store illegal images on their computers); United States v. Contreras Rodriguez, 291 F. App'x 989, 991-92 (lIth Cir. 2008) (concluding that although affidavit supporting the search warrant was not sufficient to establish probable cause linking defendant's residence to illegal activity or to evidence sought in the warrant, officers executing the warrant could have reasonably believed it was supported by probable cause); Gentles, 2014 WL 1048553, at *7-13 (finding that good faith exception applied and affidavit was not so lacking in indicia of reliability even though affidavit did not provide specific support for its conclusion that residence to be searched was defendant's residence, because the Affidavit included factual detail showing that defendant was engaged in sexual conversations with an individual believed to be a twelve-year-old over the internet and it could be inferred that evidence of the crime could be stored at the defendant's residence since computers are generally kept in one's home). Accordingly, Defendant's Motion to Suppress Evidence Resulting from Unlawful Search Warrants and Supplement to Motion to Suppress Evidence Resulting from Unlawful Search Warrant should be **DENIED.** Docket Entries [18, 59].

## CONCLUSION

Based on the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motions to Suppress Evidence Resulting from Unlawful Search Warrants be **DENIED.**

12

Docket Entries [18, 59]. Additionally, Defendant's Motion to Strike should be **DEEMED MOOT**. Docket Entry [91].

**SO REPORTED AND RECOMMENDED** this 29 day of April, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE