UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL ACTION NO. |
| v. | 1:13-CR-218-CAP-LTW |
| LEWIS MOBELY, | |

**O R D E R**

This matter is before the court on the final report and recommendation of the magistrate judge ("R&R") [Doc. No. 110], Lewis Mobely's objections thereto [Doc. No. 112], and the government's opposition to Mobely's objections [Doc. No. 115]. The R&R addresses Mobely's motion to suppress evidence resulting from unlawful search warrants [Doc. No. 18], his supplement to the motion to suppress evidence resulting from unlawful search warrants [Doc. No. 59], and his motion to strike portions of the government's opposition to his motions to suppress [Doc. No. 91].

I.  **Standard of Review**

To challenge the findings and recommendations of the magistrate judge, a party must file with the clerk of court written objections which "shall specifically identify the portions of the proposed findings and

recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989).  If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

II.   **Objections to the R&R**

Mobely argues that there was not sufficient probable cause for the search of 2771 White Oak Drive in Decatur, Georgia, because the affidavit prepared by Atlanta Police Detective Michael Young to obtain the search warrant relied on improper eyewitness identification and failed to establish a nexus between the location and the alleged criminal activity.[1]  Mobely asserts two objections to the R&R.

A.   **Objection One – Probable Cause**

Mobely's first objection focuses on the magistrate judge's determination that she could not conclude that the affidavit lacked indicia of probable cause.

---

[1] The court addressed Mobley's challenge to the eyewitness identification in a previous order issued following a *de novo* hearing [Doc. No. 93].

Mobely argues that almost all of the facts relied on by the magistrate judge pertain to his alleged criminal wrongdoing—shooting an individual in a convenience store and weapons offenses—rather than a nexus between his alleged criminal wrongdoing and 2771 White Oak Drive.

> The affidavit offers no facts to suggest any connection between Mr. Mobley [sic] and 2771 White Oak Drive, that he stored any items there, that he had a possessory interest of any kind in the premises, or even that he had ever been there.  While the affidavit makes a conclusory allegation that "investigation" suggested that it was "Mr. Mobley's [sic] place of residence," the affidavit contains no facts to support that suggestion.  The affidavit is devoid of any factually [sic] information regarding why the officer believed 2771 White Oak Drive was Mr. Mobley's [sic] residence.  This conclusory allegation was not sufficient to provide the Magistrate with facts necessary to make an independent determination that a nexus existed, rather than simply rubber-stamp the unsupported conclusion drawn by the officer.

Objections at 3–4 [Doc. No. 112].  The Eleventh Circuit has held, "To make a showing of probable cause for a search warrant for a residence, the affidavit must demonstrate a nexus between the premises and both the alleged criminal activity and the defendant; it is not a requisite that the affidavit shows that illegal activity took place at the residence." *United States v. Piloto*, 562 F. App'x 907, 913 (11th Cir. 2014).  In addition, "'[P]robable cause to search a residence exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place."'" *United States v.*

3

*Tate*, 586 F.3d 936, 942–43 (11th Cir. 2009).  The affidavit included extensive details that Mobely shot an individual and was a member of a gang.  The affidavit also alleged that officers had concluded through investigation that 2771 White Oak Drive was Mobely's place of residence.  Together, this information forms a sufficient basis for a probable cause finding.  Based on the nature of the alleged criminal activity, there was a fair probability that evidence of the crime—weapons and gang clothing—would be found at 2771 White Oak Drive.  While Mobely contends that the allegation that he resided at 2771 White Oak Drive is conclusory, the court concludes this allegation was sufficient to establish a nexus.

Regarding the magistrate judge's analysis concerning probable cause, Mobely challenges a footnote to the R&R discussing factual admissions made by the defendant in a court filing.  Def.'s Br. on Standing at 1–2 [Doc. No. 75].  This challenge does not warrant attention by the court.  The magistrate judge stated in the R&R that she did not rely on the factual admissions to support her analysis.  Therefore, to the extent that Mobely objects to footnote one of the R&R, the court declines to consider the objection because it is moot.

The magistrate judge did not err in her determination as to indicia of probable cause.  Mobely's first objection to the R&R is OVERRULED.

### B.   Objection Two – Good Faith

Mobely's second objection is to the magistrate judge's finding that the officers acted in good faith.  The United States Supreme Court has held, "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984).  According to the Eleventh Circuit, "[t]he purpose of the exclusionary rule is to deter unlawful police misconduct; therefore, when officers engage in 'objectively reasonable law enforcement activity' and have acted in good faith when obtaining a search warrant from a judge or magistrate, the *Leon* good faith exception applies." *United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002).

With respect to the good faith exception, Mobely offers three reasons why it does not apply in this case: (1) "there has been no evidentiary basis for a finding of good faith," (2) "the conclusory, boilerplate, bare bones nexus assertion in the affidavit was not sufficient to allow the application of the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984)," and (3) "there is [sic] no facts or evidence in the affidavit that connects [sic] Mr. Mobley [sic] to the premises searched in any way." Objections at 4–5

5

[Doc. No. 112]. In this case, there is no basis for the court to find that the good faith exception does not apply. Four limited circumstances exist that bar the application of the good faith exception. *See Martin*, 297 F.3d at 1313; *Leon*, 468 U.S. at 923. None of the four limited circumstances are implicated in this case. There are no allegations that the magistrate who issued the warrant was misled by information known to be false or that should have been known to be false, that the issuing magistrate abandoned his judicial role, or that the warrant was facially deficient. In addition, for the reasons discussed in the preceding section of this order, the supporting affidavit was not so lacking in indicia of probable cause to render official belief in its existence entirely unreasonable.

The magistrate judge did not err in her determination that, even if there was not probable cause for the search of 2771 White Oak Drive, the good faith exception applies under the circumstances of this case. Mobely's second objection to the R&R is OVERRULED.

### III. Conclusion

After carefully considering the R&R [Doc. No. 110], Mobely's objections thereto [Doc. No. 112], the government's opposition [Doc. No. 115], and the record as a whole, the court OVERRULES each of the objections to the R&R. The court receives the R&R [Doc. No. 110] with approval and adopts it as the

6

opinion and order of this court. Upon the report and recommendation of the magistrate judge, the court DENIES Mobely's motions to suppress [Doc. Nos. 18 and 59] and DENIES Mobely's motion to strike [Doc. No. 91].[2]

**SO ORDERED** this 1st day of June, 2015.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

---

[2] Mobely does not object to the R&R with respect to the magistrate judge's ruling on the motion to strike.