IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:13-CR-218-CAP-LTW |
| v. | |
| LEWIS MOBELY, | |
| Defendant. | |

**MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL**

Pending before this Court is Defendant's Motion to Suppress Evidence Resulting From Unlawful Seizure of Cell Phone and Jacket and Unlawful Search of Cell Phone (Doc. 113), Motion to Suppress Evidence Resulting from Unlawful Search of Cell Phone Pursuant to a Warrant Dated April 24, 2015 (Doc. 123), Motion Regarding Expert Witness Testimony (Doc. 120), Motion to Dismiss Superceding Indictment (Doc. 125), and Motion to Inspect (Doc. 132). Having read and considered Defendant's Motions, the parties' briefs, and all supporting documents submitted, and for the reasons set forth below, this Court **RECOMMENDS** that Defendant's Motions to Suppress be

**DENIED**. (Docs. 113, 123). Additionally, Defendant's Motion Regarding Expert Witness Testimony is **GRANTED** and the Government is **ORDERED** to provide Defendant with a written summary of Dustin Simerly's opinion which describes (1) his opinions and (2) the bases and reasons for those opinions within fourteen (14) days of the entry date of this Order and Report and Recommendation. (Doc. 120). Likewise, Defendant's Motion to Inspect Evidence is also **GRANTED**. (Doc. 132). Finally, Defendant's Motion to Dismiss Superceding Indictment (Doc. 125) is **STRICKEN**. There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial. Therefore, this action is **CERTIFIED READY FOR TRIAL**.

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE RESULTING FROM UNLAWFUL SEIZURE OF CELL PHONE AND JACKET AND UNLAWFUL SEARCH OF CELL PHONE

I.  **BACKGROUND**

On February 16, 2013, a shooting occurred in Northwest Atlanta. (Tr. of June 30, 2014 Hrg., Doc. 50, hereinafter "Tr.," 10). Allegedly, the shooting occurred after the shooting victim said "Blatt," meaning "blood love all the time," to a man standing outside a store, who investigating officers now believe to be Defendant and a member of the Gangster Disciples gang. (Tr. 10-12, 42; Tr. of Aug. 7, 2014 Hrg., Doc. 56,

2

hereinafter "Tr2," 182). "Blatt" is considered a disrespectful term when uttered to a member of the Gangster Disciples gang. (Tr. 10-12, 42; Tr2 182). Video surveillance of the shooting suggests that the man who was outside the store, entered the store, had a discussion with the victim inside the store, and shot the victim multiple times. (Tr. 23-25). The victim later identified Defendant as the shooter in a photo lineup. (Tr. 30, 38, 50, 52, 126; Gov't's Ex. 2). Investigators also recall that the victim indicated that the person who shot him had a "GD" or "Gangster Desciple" jacket. (Tr. 74; Gov't's Ex. 2). In the video surveillance footage of the shooting, the shooter appeared to be wearing blue jeans and a black and grey jacket. (Tr. 81-82, 97, 103; Gov't's Exs. 2, 4)

Defendant avers that on February 22, 2013, he was arrested while driving in a Dodge Caravan. (Def.'s Br. 1). Defendant contends that, at the time he was arrested, law enforcement officers searched the van without a warrant and seized a jacket from the back seat of the van as well as a LG cell phone. (Def.'s Br. 1). According to Defendant, the LG cell phone was removed from a passenger[1] who was in the back seat of the van. (Def.'s Br. 1). Defendant states that he can establish at a hearing that he "continued to own the LG Cell Phone and had it password protected." (Def.'s Reply 1-

---

[1] The Government avers that the cell phone was taken from Defendant, not the back seat passenger. (Gov't's Br. 8). Additionally, the Government asserts that the back seat passenger was Defendant's eight-year-old daughter. (Gov't's Br. 7).

3

2).

On February 25, 2013, Detective William Murdock of the Atlanta Police Department obtained a warrant to search and examine the information contained within the LG cell phone. (Doc. 113-2, at 1, 6). On August 27, 2013, Murdock obtained another search warrant from this Court. (Doc. 113-3). Therein, Murdock explained that law enforcement's examination of the phone pursuant to the prior warrant revealed that the Atlanta Police Department and other law enforcement agencies did not have the necessary technology to unlock the phone. (Doc. 113-3, at 6-7). According to Murdock, law enforcement had recently obtained technology which would unlock the phone. (Doc. 113-3, at 6-7). After law enforcement officers still could not unlock the phone, on April 24, 2015, Murdock obtained a third warrant to examine information contained within the cellular phone and then shipped the phone to Quantico, Virginia for further analysis.

## II.  LEGAL ANALYSIS

Defendant contends that evidence resulting from the seizure of his LG cell phone should be suppressed because (1) it was seized from a passenger in the rear of Defendant's van without a warrant or probable cause after Defendant was in custody outside arm's reach of the van; (2) although law enforcement officers obtained warrants

4

for the search of the LG phone, the warrants were executed after the deadline for the search permitted by the warrants had expired; and (3) the probable cause for the warrants was based on misleading and false information, which, if excised, would eliminate the nexus between criminal activity by Defendant and the cell phone and render the warrants unsupported by probable cause. Defendant also contends that his jacket was seized from the back seat of the van without probable cause. The Government argues Defendant's allegations are not sufficient to justify a hearing on the matter.

Under the facts of this case, the undersigned finds that Defendant has not alleged a sufficient basis to justify a hearing. "A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985); see also United States v. Ford, 34 F.3d 992, 994 (11th Cir. 1994). This means that the motion must allege specific and nonconclusory facts which, if proven would provide a basis for relief. Id. The Court need not act upon general allegations founded on mere suspicion or conjecture and has discretion in determining the need for a hearing. Richardson, 764 F.2d at 1527. Furthermore, "where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of

5

relief, the law does not require that the district court hold a hearing independent of trial to receive evidence on any issue necessary to determination of the motion." <u>United States v. Sneed</u>, 732 F.2d 886, 888 (11th Cir. 1984). In this case, as discussed below, Defendant's Motion should be denied and no hearing should be granted because Defendant fails to allege sufficient facts that if proven would justify the grant of relief.

### A.   **Seizure of the Jacket and Cell Phone from the Van**

Defendant contends that use of his jacket as evidence should be suppressed because it was seized from the back seat of the van without probable cause after he was in custody and outside of arms' reach of the van. The Government argues the seizure of the jacket was lawful because the investigating officer saw a grey and black jacket with the letters GD inside of a six point star on the front and the slogan Westside GD Zone 4 on the back in the plain view and recognized the jacket as the same type Defendant wore in the video of the shooting. The Government also argues that the law enforcement officers lawfully conducted a warrantless search of the vehicle incident to Defendant's arrest resulting in the seizure of the LG cell phone and the jacket because it was reasonable to believe evidence of the offense of the arrest could be found in the vehicle. The Government reasons that police may lawfully conduct a warrantless search of a vehicle incident to arrest when the arrest is for an offense in which the police have an

6

interest in further investigation and evidence gathering and the offense is the kind of offense that might involve evidence that can be found in the vehicle.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Two possible exceptions could apply here: The automobile exception and the search incident to arrest. Under the automobile exception, police officers may conduct a warrantless search of a vehicle if the vehicle is readily mobile and there is a fair probability that contraband or evidence of a crime will be found in the vehicle. Carter, 481 F. App'x at 477; United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003). Here, the vehicle was mobile because Defendant had just been driving it prior to his arrest. (Def.'s Br. 1; Gov't's Br. 2-3; Doc. 113-2, at 5). Moreover, Defendant does not allege any facts demonstrating that the van was rendered immobile at the time of the search. Additionally, there was a fair probability that evidence of a crime could be found in the vehicle. In this case, the jacket was in plain view of the searching officers and there was a fair possibility that it was

evidence of a crime.  The Government alleges and Defendant does not dispute that Detective Michael Young observed the jacket seized from Defendant's van in plain view. Defendant does not allege any facts tending to show that Detective Young was not lawfully located in the place from which he viewed the jacket.  Furthermore, there was a fair probability that the jacket was evidence of a crime.  According to the Affidavit later presented to secure a search warrant of the LG cell phone, the individual who shot the victim inside the store wore a brown jacket[2] with a large six point star embroidered on the back and emblazoned with large letters G and D as well as embroidered with the words West Side Zone Four.  (Doc. 113-2, at 4).  The jacket seized from the van similarly included the letters GD inside of a six-point star and the slogan Westside GD Zone 4.  Based on the similarities between the descriptions of the jackets, the law enforcement officers could reasonably believe that the jacket was evidence of a crime.

---

[2] Defendant suggests that suppression is warranted because "reports state that the video from the store [where the shooting occurred] showed a man in a brown jacket, yet the jacket seized was grey and black." (Def.'s Br. 7 n.3). Despite indications in any reports, however, in the video footage from the shooting, the jacket worn by the shooter appeared to be grey and black. (Tr. 81-82, 97, 103; Gov't's Exs. 2, 4). Furthermore, even if the jacket were not exactly the same jacket worn by the shooter, the jacket did include markings that one could reasonably infer were affiliated with the Gangster Disciples gang. Indeed, according to Detective Murdock, both the jacket worn by the shooter and the jacket seized from Defendant's van included the letters G and D, the words West Side Zone Four, and had a large six point star. (Doc. 113-2, at 2; Gov't's Br. 6).

Not only could the jacket help demonstrate Defendant's involvement in the shooting and his affiliation with the gang involved in the shooting, but also another crime for which Defendant was charged, Participation in Criminal Street Gang Activity.

Under the search incident to arrest exception, the Supreme Court has clarified that police may search a vehicle incident to a recent occupant's arrest (1) if the arrestee is within reaching distance of the passenger compartment at the time of the search or (2) it is reasonable to believe that the vehicle contains evidence of the offense of the arrest. United States v. Carter, 481 F. App'x 475, 476 (11th Cir. 2012) (citing Arizona v. Gant, 556 U.S. 332, 351 (2009)).  As noted above, the search was justified under the search incident to arrest exception because it was reasonable to believe that evidence of the offense of the arrest was inside the vehicle given that the jacket was in plain view. The jacket was evidence of the aggravated assault and street gang offenses for which Defendant was charged. Defendant therefore fails to allege sufficient facts that if proven would require the grant of relief. Accordingly, Defendant is not entitled to a hearing to evaluate whether the search and seizure of the jacket was unlawful.

### B.     Standing to Challenge the Search of the Phone

Defendant has not demonstrated his standing to challenge the search of the LG cellular phone he contends was seized from the backseat passenger. In order to claim

the protection of the Fourth Amendment, Defendant must show that he had a constitutionally reasonable expectation of privacy in the object of the alleged search. Lenz v. Winburn, 51 F.3d 1540, 1549 (11th Cir. 1995). More precisely, Defendant must demonstrate both a subjective and an objective expectation of privacy in the area searched to establish standing to challenge the search. United States v. Segura-Baltazar, 448 F.3d 1281, 1286 (11th Cir. 2006). "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the [privacy] expectation be one that society is prepared to recognize as reasonable." United States v. Robinson, 62 F.3d 1325, 1328 (11th Cir. 1995) (citations and quotations marks omitted). Defendant cannot rely on the Government's position, contention, or theory to establish standing and must instead prove his expectation of privacy as to a particular place. United States v. Thompson, 171 F. App'x 823, 828 (11th Cir. 2006) (a disclaimer of ownership of interest deprives a defendant of the subjective expectation of privacy necessary to establish standing); United States v. Sweeting, 933 F.2d 962, 964 & n.2 (11th Cir. 1991) (concluding that defendants who denied any relationship with their mother's residence except access did not have standing to object to the search, despite fact that government established at trial that defendants actually lived at the residence); United States v. Bushay, 859 F. Supp. 2d 1335, 1348-49 (N.D. Ga. 2012) (Batten, J.);

10

United States v. Chaidez-Ontiveros, No. 1:11-CR-0264-AT-JFK, 2011 WL 7574634, at *6 (N.D. Ga. Oct. 25, 2011).

Fourth Amendment rights are personal and may not be vicariously asserted. Lenz, 51 F.3d at 1549; see also United States v. Cooper, 203 F.3d 1279, 1283-84 (11th Cir. 2000). That means that a defendant does not obtain standing to challenge a search by merely showing that his family member was searched. United States v. Baker, 719 F.3d 313, 320 (4th Cir. 2013) (holding that driver of vehicle had standing to challenge the search of his own vehicle but not the search of the passenger inside the vehicle); United States v. Brown, 743 F.2d 1505, 1507-08 (11th Cir. 1984) (defendant did not have a reasonable expectation of privacy in search of another person revealing concealed cocaine seized from another person's body where defendant and the person acted jointly to conceal the cocaine because defendant did not have a right to exclude others from the other person); United States v. Hunt, 505 F.2d 931, 939 (5th Cir. 1974) ("One of the most significant aspects of the law of standing in search and seizure cases, and one that clearly reflects the intensely personal nature of Fourth Amendment rights, is the rule that interpersonal relationships cannot make a victim of one who is not otherwise one against whom the search or seizure is directed. . . . So it is that one spouse may not complain if the other is searched."); see also Wayne R. LaFave, Search and Seizure § 11.3(I) (5th ed.

11

2012). Additionally, Courts have repeatedly held that a person does not have a reasonable expectation of privacy in another's belongings. <u>Lenz</u>, 51 F.3d at 1549. For instance, in <u>Lenz v. Winburn</u>, 51 F.3d 1540 (11th Cir. 1995), the Eleventh Circuit held that grandparents lacked a reasonable expectation of privacy in a closet in their home used by their granddaughter. <u>Id.</u> at 1549-50.

Defendant fails to offer sufficient facts supporting the conclusion that his connection with the cell phone possessed by the back seat passenger was so significant that society would recognize his expectation of privacy in the cell phone as reasonable. <u>See, e.g.</u>, <u>Lenz</u>, 51 F.3d at 1549-50, <u>citing</u> <u>United States v. Bella</u>, 605 F.2d 160, 161 (5th Cir. 1979) (explaining that defendant did not have standing to contest search of his traveling companions' luggage even though the luggage was seized from the trunk of defendant's car); <u>United States v. Son</u>, No. 1:12-CR-00042-ODE-JFK-1, 2012 WL 4711974, at *15-16 (N.D. Ga. Aug. 15, 2012) (explaining that father did not have standing to challenge search of room of one of his children where he was only a visitor to the residence and sometimes stayed overnight in the room searched by agents), <u>rejected in part on other grounds</u>, 2012 WL 4711978 (N.D. Ga. Oct. 02, 2012). Defendant's proffer that he owned the cell phone seized from the passenger in the back seat is not sufficient to change the result. To determine whether a person has a

12

legitimate expectation of privacy in property held by another, courts analyze whether the person claims an ownership interest in the property, but the person's ownership or property interest is not the end of the inquiry. Rawlings v. Kentucky, 448 U.S. 98, 105-06 (1980) (explaining that although the defendant owned the drugs in his acquaintance's purse, he did not have standing to contest the search of the purse); United States v. Pitts, 717 F.2d 1334, 1336-37 (11th Cir. 1983); but see United States v. Barber, 777 F.3d 1303, 1305 (11th Cir. 2015) (explaining that defendant who was a passenger in a vehicle he did not own had a reasonable expectation of privacy in his bag which was at his feet at the time of the stop of the car); United States v. Freire, 710 F.2d 1515, 1518-19 (11th Cir. 1983) (explaining that defendant had standing to contest search of briefcase which he gave to another party for safekeeping and was seized from third person's car outside of the defendant's presence because ownership was important factor given that it was universally accepted that the briefcase was a "haven of privacy" like one's home and there was no indication that defendant had abandoned the briefcase). Other factors included in the analysis is whether the person has a possessory interest in the property seized; whether the person has established a right or taken precautions to exclude others from the property; whether the person has exhibited a subjective expectation of privacy that it remain free from governmental intrusion; and whether he took normal precautions

to maintain privacy. Rawlings, 448 U.S. at 105-06; Pitts, 717 F.2d at 1337; see also United States v. Lee, 586 F.3d 859, 864-65 (11th Cir. 2009) (("We have held that a passenger in a private car, . . . who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile because he does not have the right to exclude others from the car."). While Defendant, in a conclusory manner, claims an ownership interest in the cell phone and that he had it password protected, Defendant does not present specific facts demonstrating that he had a reasonable expectation of privacy in the cellular phone. Defendant does not allege any specific facts explaining, for instance, the nature of his ownership of the cellular phone, the circumstances of why the back seat passenger had the cellular phone, how long the passenger had possessed the cell phone, whether the passenger was given the cell phone for his or her personal use, whether the passenger used the cell phone on a regular basis or was merely borrowing the phone in that moment, any instructions Defendant gave to the passenger with regard to the cell phone, or whether Defendant required the passenger to exclude others from the phone.[3] Thus, Defendant does not allege sufficient facts for

---

[3] Defendant also argues generally that "allowing someone else to hold, or even to use, your cell phone does not destroy any expectation of privacy you have in the personal information on that cell phone." (Def.'s Br. 1-2). Defendant, however, does not allege any specific facts in support of an argument that he merely allowed the passenger to hold or use his cell phone at the moment the search and seizure occurred.

14

the Court to evaluate the aforementioned factors required for the analysis, and a hearing on the issue is not required.  <u>Sneed</u>, 732 F.2d at 887 (concluding that district properly denied motion to suppress evidence yielded from search of apartment without conducting a hearing where the defendant failed to allege facts, which if proved would demonstrate his standing to contest the search of the apartment).  Accordingly, Defendant's Motion to Suppress Evidence Resulting From Unlawful Seizure of Cell Phone and Jacket and Unlawful Search of Cell Phone should be **DENIED**.  (Doc. 113).

### DEFENDANT'S MOTION TO SUPPRESS EVIDENCE RESULTING FROM UNLAWFUL SEARCH OF CELL PHONE PURSUANT TO A WARRANT DATED APRIL 24, 2015

In Defendant's Motion to Suppress Evidence Resulting from Unlawful Search of a Cell Phone Pursuant to a Warrant Dated April 24, 2015, Defendant argues evidence obtained pursuant to an April 24, 2015 warrant for the search of the LG cell phone should be suppressed because (1) the probable cause for the warrant was based on misleading and false information, which, if excised, would eliminate the nexus between criminal activity by Defendant and the cellular phone and render the warrant unsupported by probable cause and (2) factual support for the warrant is fruit of the

---

Indeed, Defendant states in his Reply Brief (Doc. 134, at 3) that he "takes exception" to the Government's assumption that Defendant gave the phone to the minor child in the backseat immediately before his arrest.

15

poisonous tree because such information was obtained as a result of the April and October 2013 searches of the cellular phone, which were unlawful. The Government incorporates its prior arguments to Defendant's Motion to Suppress Evidence Resulting from Unlawful Seizure of Cell Phone and Jacket, and Unlawful Search of Cell Phone (Doc. 121). Additionally, the Government points out that, like Defendant's Motion to Suppress Evidence Resulting from Unlawful Seizure of Cell Phone and Jacket, the instant Motion lacks a concise statement of the circumstances under which the LG cell phone was recovered. For the reasons discussed above, Defendant, in the instant motion, still has not demonstrated his standing to challenge the search of the LG cell phone. Accordingly, Defendant's Motion to Suppress Evidence Resulting from Unlawful Search of a Cell Phone Pursuant to a Warrant Dated April 24, 2015, should be **DENIED**. (Doc. 123).

**DEFENDANT'S MOTION REGARDING EXPERT WITNESS TESTIMONY**

In Defendant's Motion Regarding Expert Testimony, Defendant contends that on June 19, 2015, the Government served him with notification of its intent to call Dustin Simerly, as an expert witness. The notification specified that Simerly will testify about how he extracted data from a LG Wireless Android smart phone recovered from Defendant and will testify about metadata recovered from the telephone which identifies

when and where images on the telephone were created. The notification also indicated that a "copy of Examiner Simerly's CV and Report of Analysis are included in discovery of today's date." Defendant asserts that he cannot file any appropriate motions to exclude the expert testimony until the Government provides him with a summary of the expert's findings and a basis for the expert's findings.

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires that at the defendant's request, the Government must give to the defendant a written summary of any expert testimony that the Government intends to use in its case in chief. Fed. R. Crim. P. 16(a)(1)(G). The summary required by Rule 16(a)(1)(G) must describe "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The documentation the Government provided to Defendant did not include the expert's opinions or bases and reasons for his opinions. See Doc. 128-2. Accordingly, Defendant's Motion is **GRANTED**. The Government is **ORDERED** to provide Defendant with a written summary of Simerly's opinion which describes (1) the witness's opinions and (2) the bases and reasons for those opinions within fourteen (14) days of the date of this Order and Report and Recommendation.

17

**DEFENDANT'S MOTION TO DISMISS SUPERCEDING INDICTMENT**

On July 20, 2015, Defendant Lewis Mobely, instead of his counsel, personally filed his Motion to Dismiss Superseding Indictment. (Doc. 125). Defendant Mobely is not permitted to personally file anything in this action because he is represented by counsel. Cross v. United States, 893 F.2d 1287, 1291-92 (11th Cir. 1990) ("This court has held repeatedly that an individual does not have a right to hybrid representation."); LCrR 57.1D(3), NDGa (providing that "[w]henever a party has appeared by attorney, the party may not thereafter appear or act on the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court"). Accordingly, the Clerk shall **STRIKE** Defendant Mobely's Motion to Dismiss Superceding Indictment. (Doc. 125). To the extent that Defendant Mobely believes that a Motion to Dismiss Superceding Indictment should be filed, he should communicate that with his Counsel, who will then make the determination as to whether a Motion to Dismiss Superceding Indictment should be filed and the form that in which it should be filed.

**DEFENDANT'S MOTION TO INSPECT EVIDENCE**

On November 4, 2015, Defendant filed his Motion to Inspect Evidence. (Doc.

132). Therein, Defendant requests the opportunity to inspect and test alleged substances that were seized during a search of the residence on White Oak Drive on February 22, 2013. Defendant further requests the opportunity to inspect any tangible objects that the government intends to use in its case-in-chief. Defendant also seeks any notes prepared when the GBI analyzed the substances recovered from White Oak Drive. The Government has not filed a response in opposition to Defendant's Motion and has indicated to this Court that it does not oppose Defendant's Motion. Accordingly, Defendant's Motion is **GRANTED**.[4] (Doc. 132).

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motions to Suppress be **DENIED**. (Docs. 113, 123). Defendant's Motion Regarding Expert Witness Testimony is **GRANTED** and the Government is **ORDERED** to provide Defendant with a written summary of Dustin Simerly's opinion which describes (1) the witness's opinions and (2) the bases and reasons for those opinions within fourteen (14) days of the date of this Order and Report and Recommendation. (Doc. 120). Likewise,

---

[4] The Government indicates that the parties are working out the logistics of the testing and the logistics will be resolved in the next few days. Thus, this Court has not indicated a deadline for inspection, testing, and production of any GBI notes.

Defendant's Motion to Inspect Evidence is also **GRANTED**. (Doc. 132). Additionally, Defendant's Motion to Dismiss Superceding Indictment (Doc. 125) is **STRICKEN**. There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial.  Therefore, this action is **CERTIFIED READY FOR TRIAL**.

      **SO ORDERED and REPORTED AND RECOMMENDED** this  14th  day of December, 2015.

                            /s/ Linda T. Walker
                            LINDA T. WALKER
                            UNITED STATES MAGISTRATE JUDGE